[No. 72362-1.   En Banc.]
Argued March 25, 2003.     Decided May 22, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL CLAYTON TURLEY, JR., *Petitioner*.

*Daniel C. Turley, Jr.*, pro se.

*David Zuckerman*, for petitioner.

*Arthur D. Curtis, Prosecuting Attorney*, and *Richard A. Melnick, Deputy*, for respondent.

IRELAND, J. — When Petitioner Daniel Clayton Turley, Jr., pleaded guilty to two charges, the State failed to inform him that one of the charges required mandatory community placement, a direct consequence of his plea. When he subsequently moved to withdraw his plea, the trial court permitted him to withdraw his plea to only one of the two charges. The Court of Appeals affirmed. We reverse and remand with instructions to allow Turley to withdraw his plea to both charges.

## FACTS

On August 20, 1997, Turley pleaded guilty to two charges: one count of escape in the first degree and one count of conspiracy to manufacture methamphetamine. At the plea hearing, the State erroneously represented that there were no mandatory community placement requirements on the drug charge. The sentencing judge accepted the plea, and Turley was sentenced to concurrent terms of 72 months for the escape charge and 12 months for the drug charge. The judge did not impose mandatory community placement.

Almost three years after Turley had entered his guilty plea, the State learned that the drug charge did carry a

mandatory term of 12 months of community placement. It filed a motion to amend the judgment and sentence to include this term. At the motion hearing on May 8 and 9, 2000, Turley argued that mandatory community placement was not part of his plea agreement. Nevertheless, the judge signed an order amending the sentence.

Turley made a motion to withdraw his guilty plea on September 29, 2000. At the hearing on October 24, Turley argued that because the plea agreement covered both charges, the court should allow him to withdraw both pleas. Turley elected not to have the original plea bargain strictly enforced. The following discussion ensued:

> [The State:] The question is, does he have a choice to withdraw the plea to both counts, and the State's position is he does not.
>
> The Court: He has a choice to withdraw the plea . . . where there is community placement.
>
> [The State]: Yes, Your Honor. The escape I charge does not carry community placement.
>
> The Court: Then he can't withdraw his plea to that.
>
> . . .
>
> [Turley's counsel]: It wouldn't make sense to allow Mr. Turley to withdraw one charge only.
>
> The Court: Sure it would. Sure it would.
>
> [Turley's counsel]: Well, the way I see it, the bargain, the plea offer from back in '97 encompassed two charges. The conspiracy was thrown in to make a deal. Now, if we just withdraw that charge, that guilty plea, then Mr. Turley doesn't have any more chips to bargain with.
>
> . . .
>
> The Court: [H]e can withdraw his plea to [conspiracy]. But there is no community placement on the escape charge . . . .

5 Verbatim Report of Proceedings at 29-32. In its written findings, the court found that the guilty plea was not intelligent and voluntary because of the failure to inform Turley of the mandatory condition. The court also found that Turley "stated that he would not have agreed to plead guilty if he had been informed of the mandatory term of

community placement on his sentence." Clerk's Papers at 75. However, the court granted Turley's motion only in part, allowing him to withdraw his guilty plea as to the conspiracy count, but not the escape count.

In an unpublished opinion, the Court of Appeals, Division Two affirmed. *State v. Turley*, noted at 110 Wn. App. 1037, slip op. at 6 (2002). This court granted Turley's pro se petition for review. We now reverse the Court of Appeals.

## ANALYSIS

The sole issue we decide today is whether a trial court may grant or deny a motion to withdraw a plea agreement as to each count separately when the defendant pleaded guilty to multiple counts entered the same day in one agreement.[1] This is an issue of first impression. We answer the question in the negative.

Under the criminal rules, "[t]he court shall allow a defendant to withdraw the defendants [sic] plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." CrR 4.2(f). The defendant has the burden of showing that a manifest injustice—one that is "obvious, directly observable, overt, [and] not obscure"— has occurred. *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974); *State v. Saas*, 118 Wn.2d 37, 42, 820 P.2d 505 (1991). A showing that the plea was involuntary independently establishes manifest injustice, requiring the trial court to permit a defendant to withdraw the guilty plea. *Taylor*, 83 Wn.2d at 598. A guilty plea is considered involuntary if the State fails to inform a defendant of a direct

---

[1] Turley included two other issues in his petition for review. First, Turley asserted that his Sixth Amendment right to counsel was violated when he appeared without counsel at the hearing on the State's motion to amend the judgment and sentence. Through an unexplained change, Turley was brought before a judge the day before the scheduled hearing date. Turley's attorney did not appear until the scheduled hearing. Second, Turley contended that his counsel was ineffective at the plea withdrawal proceedings and on appeal. Because we have decided in Turley's favor regarding his principal issue, we need not reach the others.

consequence of his plea. *State v. Ross*, 129 Wn.2d 279, 284, 916 P.2d 405 (1996) (interpreting CrR 4.2(d)).

Mandatory community placement is a direct consequence of a guilty plea because it "produces a definite, immediate and automatic effect on a defendant's range of punishment." *Id.* Therefore, failure to inform a defendant that he will be subject to mandatory community placement if he pleads guilty will render the plea invalid. *Id.* at 280. If the defendant was not informed that the charge was subject to a mandatory community placement condition, the defendant is entitled to a remedy. *Id.* at 288.

In such a situation, we allow the defendant the choice between two possible remedies. "[W]here the terms of a plea agreement conflict with the law or the defendant was not informed of the sentencing consequences of the plea, the defendant must be given the initial choice of a remedy to specifically enforce the agreement or withdraw the plea." *State v. Miller*, 110 Wn.2d 528, 536, 756 P.2d 122 (1988).

The State concedes that it affirmatively told Turley, and the trial court, that there was no community placement requirement. Therefore, the State does not dispute that Turley could make a motion to withdraw his plea under CrR 4.2(f). However, the State argues that, because Turley failed to make a showing of manifest injustice as to the escape charge, the trial court properly gave Turley his choice of remedies as required by *Miller* when it granted withdrawal of the plea to the drug charge only. The Court of Appeals adopted this reasoning when it affirmed, finding that the trial court did not abuse its discretion. *Turley*, slip op. at 4.

Turley, on the other hand, argues that the trial court does not *have* the discretion to treat the two pleas in the plea agreement as separate and allow him to withdraw only one of them. He argues that, under *Miller*, he should have been permitted to withdraw both pleas. Although Turley asserts that the mandatory community placement requirement affected his whole plea, he acknowledges that he has not demonstrated manifest injustice specific to the escape count. He contends that he need not make such a showing

on each count because the plea agreement was a "package deal."

■■■■ We agree that the plea agreement was one bargain or, as the defendant puts it, a "package deal." A plea agreement is essentially a contract made between a defendant and the State. *State v. Hardesty*, 129 Wn.2d 303, 318, 915 P.2d 1080 (1996). Under normal contract principles, whether a contract is considered separable or indivisible is dependent upon the intent of the parties. *Saletic v. Stamnes*, 51 Wn.2d 696, 699, 321 P.2d 547 (1958). When determining intent, we do not concern ourselves with unexpressed subjective intent, only objective manifestations of intent. *See, e.g., Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 699, 952 P.2d 590 (1998).

The State argues that an evidentiary hearing is needed for the trial court to determine intent. Here, the record contains sufficient objective indications of intent from which we conclude the plea agreement was meant to be indivisible, without inquiry into the substance of the plea negotiations. Turley negotiated and pleaded to two charges contemporaneously. One document contained the plea to and conditions for both charges. The trial court accepted his plea to both charges at one hearing. In that hearing, the court advised Turley of the consequences of his plea, but did not separate these consequences out based on the individual charges. We hold that a trial court must treat a plea agreement as indivisible when pleas to multiple counts or charges were made at the same time, described in one document, and accepted in a single proceeding. Absent objective indications to the contrary in the agreement itself, we will not look behind the agreement to attempt to determine divisibility. Such a determination, after the fact, would not serve the plea negotiation process. When the defendant can show manifest injustice as to one count or charge in an indivisible agreement, the defendant may move to withdraw the plea agreement or have specific performance of the agreement.

Therefore, Turley should have been permitted to withdraw both pleas in the agreement. Recognizing that *Miller* did not contemplate the precise issue before us, that case held that *the defendant* has the initial choice of remedy between withdrawal and specific performance. *Miller*, 110 Wn.2d at 536. *Miller* expressly overruled the holding in *State v. Pope*, 17 Wn. App. 609, 615, 564 P.2d 1179 (1977), which had granted the trial court discretion to choose between the remedies. *Miller*, 110 Wn.2d at 534. As a practical matter, the trial court here chose the remedy of specific performance for the escape charge when it denied Turley's motion in part. The trial court's decision was inconsistent with the holding in *Miller*.

Although the defendant has the *initial* choice of remedy, the trial court is not necessarily bound by the defendant's choice. Once the defendant has opted for one of the available remedies, the State "bears the burden of demonstrating that the defendant's choice of remedy is unjust." *Id.* at 536. The State's burden requires a showing that compelling reasons exist not to allow the defendant's choice. *Id.* at 535. We hold that when the plea agreement includes multiple counts or charges, the State need not make a showing of compelling reasons on each count or charge. Instead, the showing may be based on any one or all of the counts or charges. The trial court then determines whether those reasons are compelling and the defendant's choice of withdrawal or specific performance is unjust.

In another case, we would have to determine whether to allow the State to make its showing on remand. However, in its briefing and at oral argument, the State made no argument that compelling reasons exist to deny Turley his choice to withdraw his plea to both counts. In fact, counsel stated that escape cases are normally proved by business records. As the State offers no compelling reasons to refuse Turley's choice of remedy, Turley is permitted to withdraw his plea of guilty to the escape charge and to defend the charge at trial.

## CONCLUSION

We hold that when a defendant pleads guilty to multiple counts or charges at the same time, in the same proceedings, and in the same document, the plea agreement will be treated as indivisible, absent objective evidence of a contrary intent in the agreement. When it becomes necessary to correct a manifest injustice, the defendant may move for either specific performance of the plea agreement or to withdrawal of that agreement. The State then may show compelling reasons not to allow the defendant's choice, based on any or all of the counts or charges. The Court of Appeals decision is reversed, and the case is remanded to the trial court with instructions to allow Turley to withdraw his pleas to both counts.

ALEXANDER, C.J., and JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.