FILED
COURT OF APPEAL
DIVISION II

2014 OCT 10 AM 10: 0

STATE OF WASHINGTO
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43141-6-II |
| Respondent, | |
| v. | |
| LAURA LYNN HICKEY, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Laura Lynn Hickey appeals the exceptional sentence imposed after she pleaded guilty to second degree murder while armed with a deadly weapon. She also stipulated to the aggravating factor charged in the amended information that her victim was particularly vulnerable. Hickey contends that the trial court violated her Sixth Amendment rights, as articulated in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), by making factual findings that her victim was particularly vulnerable not only because of age but also because of drug intoxication. Because Hickey stipulated to the aggravating factor of "particular vulnerability," and admitted that her victim was particularly vulnerable because he was a premature baby, the court's additional finding of drug intoxication was harmless error. We affirm the exceptional sentence and remand solely for the trial court to strike the reference to the victim's drug intoxication from the findings of fact supporting the exceptional sentence.

FACTS

Hickey gave premature birth to a son in her home. She decapitated him with a knife. After a pathologist determined that the baby had been alive at birth, the State charged Hickey with first degree murder. The State alleged six aggravating factors, including the allegation that Hickey knew or should have known that the victim was particularly vulnerable or incapable of resistance.

After the court entered an order finding Hickey competent to stand trial, the State made a plea offer to amend the charge to second degree murder with the special allegation that Hickey committed the crime while armed with a deadly weapon and with the single aggravating factor that Hickey knew, or should have known that the victim was particularly vulnerable or incapable of resistance. The offer provided that Hickey could argue for a standard range sentence and that the State would be free to argue any sentence up to the statutory maximum of life in prison.

Hickey accepted the plea offer. During the plea hearing, and after Hickey waived her constitutional rights, including her right to a jury trial, Hickey orally admitted that she intended to kill her child, that she was armed with a deadly weapon, and that the victim was particularly vulnerable and incapable of resistance due to his age.[1]

Prior to the sentencing hearing, both parties submitted sentencing memoranda to the court. Hickey's memorandum stated that "[t]he facts in this case are summarized by the attached reports." Clerk's Papers (CP) at 25. One of the reports, written by a psychologist, noted that both Hickey and her victim had significant amounts of methamphetamine in their bloodstreams at the time of the offense. The State's memorandum included the autopsy report which stated that the baby suffered from acute methamphetamine intoxication.

---

[1] Her written plea statement provided merely "that victim was particularly vulnerable." CP at 14.

2

At the sentencing hearing, the State argued for an exceptional sentence of 82 years. Hickey asked for a low-end sentence of 10 years. The trial court imposed an exceptional sentence of 30 years after stating, "The defendant has stipulated to the aggravating factor of the victim being particularly vulnerable." Report of Proceedings (RP) (Feb. 22, 2012) at 18. The court noted that, based on the facts presented at the sentencing hearing, which included the baby's methamphetamine addiction, it would have found another aggravating factor, i.e. deliberate cruelty, but the law did not allow it to do so. The court recognized that aggravating factors must be either stipulated to or found by a jury. The court then stated that the facts at least supported the stipulated aggravating factor of "particular vulnerability." RP (Feb. 22, 2012) at 18–19.

The court entered written findings of fact and conclusions of law supporting the exceptional sentence. Its findings stated that the justification for an exceptional sentence included the fact that "[t]he victim in this matter was a particularly vulnerable premature baby boy who was drug intoxicated (methamphetamine)." CP at 455. Hickey objected to this finding. Her attorney stated, "The defendant stipulated to the aggravating circumstance of a particularly vulnerable victim. And I would have no problem with that being the finding of fact. There are some additional aggravating circumstances listed here the way this document is drafted that I don't think flow from that. They may be present in this case, but I think the additional language is unnecessary." RP (Feb. 22, 2012) at 22. He explained further, "Well, it goes on to say—well, first it indicates that a particularly vulnerable premature baby boy, no question about that, who was drug addicted. That's not a stipulation." RP (Feb. 22, 2012) at 22. The court responded that the legal conclusion of particular vulnerability required a factual basis and that the drug intoxication was part of the victim's particular vulnerability.

3

The court sentenced Hickey to 360 months. This term of confinement included the deadly weapon enhancement and was also based on the aggravating factor of a "Particularly Vulnerable Victim." CP at 447.

Hickey now appeals her exceptional sentence and argues that the trial court engaged in improper fact finding by basing the aggravating factor of particular vulnerability partly on her victim's drug intoxication. Hickey does not challenge the court's additional reliance on her admission that her victim was particularly vulnerable because he was a premature baby. We conclude that any improper fact finding was harmless and affirm the judgment and sentence.

## ANALYSIS

The Sixth Amendment to the United States Constitution guarantees the right to a jury trial. *State v. Steele*, 134 Wn. App. 844, 850, 142 P.3d 649 (2006). This right extends to any fact that increases the penalty for a crime beyond the prescribed statutory maximum. *Steele*, 134 Wn. App. at 850 (citing *Blakely*, 542 U.S. at 302-04). The relevant "statutory maximum" is the maximum the court may impose based on the facts reflected in the jury verdict or admitted by the defendant. *Blakely*, 542 U.S. at 303. In other words, the statutory maximum is the maximum the court may impose without any additional findings. *Blakely*, 542 U.S. at 303-04.

A jury does not need to find the facts supporting an exceptional sentence, however, when a defendant pleads guilty and stipulates to the relevant facts. *Blakely*, 542 U.S. at 310. "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." *Blakely*, 542 U.S. at 310; *see also Steele*, 134 Wn. App. at 852 (no *Blakely* error where defendant stipulated to findings of fact and conclusions of law for exceptional sentence).

4

Hickey argues that the court, in making its findings, exceeded the scope of her stipulation by finding that her victim was drug intoxicated in addition to being a premature newborn. To support her claim of error, Hickey cites cases where the defendants' factual stipulations following a guilty plea did not support an exceptional sentence. These case are distinguishable because the defendants in those cases stipulated to facts but not to an aggravating factor.

In *State v. Hagar*, 158 Wn.2d 369, 371, 144 P.3d 298 (2005), the defendant pleaded guilty to three counts of first degree theft and stipulated to the facts supporting his convictions. Our Supreme Court held that the trial court erred by making the additional finding that the crimes constituted a "major economic offense" that justified an exceptional sentence. *Hagar*, 158 Wn.2d at 374. This sentence violated *Blakely* because it was predicated on an unstipulated fact not found by a jury beyond a reasonable doubt. *Hagar*, 158 Wn.2d at 374.

Similarly, a defendant's stipulation to the facts supporting his convictions did not support an exceptional sentence based on his victim's particular vulnerability in *State v. Suleiman*, 158 Wn.2d 280, 283-84, 143 P.3d 795 (2006). For the victim's vulnerability to support an exceptional sentence, the State must show that the defendant knew or should have known of the victim's particular vulnerability, and the vulnerability must have been a substantial factor in the crime's commission. *Suleiman*, 158 Wn.2d at 291-92; *see* RCW 9.94A.535(3)(b) (exceptional sentence justified if defendant knew or should have known that victim was particularly vulnerable or incapable of resistance). Because the defendant did not stipulate to the aggravating factor of particular vulnerability, and the factual conclusions needed to show particular vulnerability were neither part of the stipulation nor found by a jury beyond a reasonable doubt, the exceptional sentence violated *Blakely*. *Suleiman*, 158 Wn.2d at 293.

Hickey argues that, under *Hagar* and *Suleiman*, her stipulation was not adequate to prove the victim's particular vulnerability absent the court's improper fact finding. We disagree. Hickey admitted that her victim was particularly vulnerable due to age, and this fact alone supports the aggravating factor of particular vulnerability. We agree with the trial court that, "it's hard to think of a more vulnerable being than a . . . newborn." RP (Feb. 22, 2012) at 18. But, when the trial court supported the stipulated aggravating factor of particular vulnerability with the additional finding that the victim was a drug intoxicated, it arguably engaged in improper fact finding under *Blakely*.

*Blakely* error may be harmless. *See Suleiman*, 158 Wn.2d at 295 (remanding to Court of Appeals to determine whether *Blakely* error was harmless). Constitutional error is harmless if the reviewing court is convinced beyond a reasonable doubt that any reasonable fact finder would have reached the same result in the absence of the error. *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985).

Even if the trial court did err in identifying drug intoxication as a basis for finding particular vulnerability, we hold that this error was harmless. Hickey has never sought to withdraw her plea; she seeks only resentencing within the standard range. We are convinced that on this record, including Hickey's stipulation and the admitted facts, any rational fact finder would have found beyond a reasonable doubt that the victim was particularly vulnerable. Hickey's attorney conceded as much by stating, at the sentencing hearing, that the additional language supporting the aggravating factor was unnecessary.

Consequently, we conclude that the trial court's finding of drug intoxication was harmless error. We affirm the exceptional sentence imposed and remand solely for the purpose of striking the reference to drug intoxication from the findings of fact supporting the exceptional sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.