IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review | ) | |
| of | ) | No. 33816-9-III |
| | ) | |
| ANITA J. RADY. | ) | UNPUBLISHED OPINION |
| | ) | |

SIDDOWAY, J. — The Department of Corrections petitions for postsentence review of the sentence imposed on Anita Rady in *State v. Rady*, Garfield County Superior Court cause no. 15-1-00002-4, which it contends violates RCW 9.94A.589(1)(c). We agree and remand the case with directions to correct the sentence and to permit Ms. Rady to withdraw her guilty plea should she elect to do so.

FACTS AND PROCEDURAL BACKGROUND

In July 2015, Anita Rady pleaded guilty to eight crimes, including two counts each of theft of a firearm and unlawful possession of a firearm in the second degree. In accordance with her plea agreement with the State, the judgment and sentence provides that all sentences run concurrently except for the two sentences for theft of a firearm, which run consecutively.

The Department determined in August 2015 that the sentence violated RCW 9.94A.589(1)(c)'s requirement that consecutive sentences be imposed for each conviction for unlawful possession of a firearm in the first or second degree and for each theft of a

firearm conviction. It sought to have the Garfield County prosecutor request amendment of the sentence. When its efforts proved unsuccessful, it filed a petition with this court for review pursuant to RCW 9.94A.585(7).

Ms. Rady's response to the petition agrees that her sentence is illegal. She argues that its illegality was overlooked by the parties and the court, she was not informed that a direct consequence of the plea could be a finding of illegality and court-ordered correction, and her plea was therefore involuntary, creating a manifest injustice. She asks us to remand the matter to the superior court to allow her to withdraw her guilty plea.

The State responds that it did not seek to correct the sentence because had it done so, Ms. Rady would have grounds for withdrawing her guilty plea. It argues that a sentencing court may depart from a statutory requirement that sentences be served consecutively by imposing an exceptional sentence. While conceding that Ms. Rady's judgment and sentence does not purport to be an exceptional sentence, it argues that the form of the judgment and sentence is not fatal because it is apparent that an exceptional sentence is what the parties and the court intended.

## ANALYSIS

Under RCW 9.94A.585(7), the Department may petition for review of a sentence committing an offender to the custody or jurisdiction of the Department. "The review shall be limited to errors of law." *Id.*

2

All parties agree that under RCW 9.94A.589(1)(c) sentences for theft of a firearm and unlawful possession of a firearm must run consecutively. Yet Ms. Rady's sentence provides that her terms of confinement for unlawful possession of a firearm shall be served concurrently with those for other counts. The sentence, being contrary to law, cannot be enforced. *State v. Barber*, 170 Wn.2d 854, 870, 248 P.3d 494 (2011).

A sentencing court may depart from RCW 9.94A.589(1)(c)'s requirements for consecutive sentencing by imposing an exceptional sentence. RCW 9.94A.535 ("A departure from the standards in RCW 9.94A.589 (1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence subject to the limitations in this section."). In imposing an exceptional sentence, the court must make findings of fact justifying a departure from the standard range. *Id.* Although such findings are lacking here, the State argues that their absence is not fatal, citing *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 301 P.3d 450 (2013).

*Finstad* was a collateral attack on four judgments and sentences entered as the result of a plea agreement, which illegally imposed consecutive sentences for two counts required by statute to be served concurrently. The petitioner argued that the judgments and sentences were facially invalid and sought an order requiring them to be corrected to reduce his period of total confinement. The Supreme Court agreed they were illegal, thereby entitling Mr. Finstad to review under RCW 10.73.090, but held that overcoming that procedural bar to collateral relief "by itself, does not entitle a petitioner to relief. A

3

petitioner must also meet the substantive common law requirements articulated in [*In re Pers. Restraint of*] *Cook*, 114 Wn.2d [802, 810-12, 792 P.2d 506 (1990)]." *Finstad*, 177 Wn.2d at 508. Because a trial court's failure to make findings supporting an exceptional sentence is nonconstitutional error, Mr. Finstad was required to establish he had suffered from a complete miscarriage of justice and show actual and substantial prejudice flowing from that error. *Id.* Looking beyond the four corners of the judgments and sentences, the court held that Mr. Finstad could not show that holding him to his plea agreement would result in actual and substantial prejudice. *Id.* at 509.

The Department's right to review of Ms. Rady's sentence is not subject to the same standard. Rather, our review is "limited to errors of law." RCW 9.94A.585(7). *Finstad* is inapposite.

Turning to Ms. Rady's requested relief, it is undisputed she was misinformed as to a direct consequence of her plea, rendering her plea invalid. *Barber*, 170 Wn.2d at 858 (citing *State v. Turley*, 149 Wn.2d 395, 399, 69 P.3d 338 (2003)). "Where the parties have agreed to a sentence that is contrary to law, the defendant may elect to withdraw [her] plea." *Id.* at 873.

We remand to the Grant County Superior Court, directing it to correct the sentence and to permit Ms. Rady to withdraw her plea of guilty to the eight counts charged in cause no. 15-1-00002-4 should she elect to do so.

4

No. 33816-9-III
*In re Postsentence Review of Rady*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.