# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48623-7-II |
| Respondent, | |
| v. | |
| BRENDA ANN WING, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Brenda Wing appeals her convictions and exceptional sentence for first degree manslaughter, third degree assault, possession of a controlled substance and witness tampering stemming from the death by abuse of a child in her care. After Wing pleaded guilty, the superior court determined she had materially breached the proffer agreement, allowed the State to file an amendment to the charging document, and sentenced Wing to an exceptional sentence. Wing makes numerous arguments on appeal. Because her guilty plea was premised on an incorrect offender score for the third degree assault conviction rendering her plea involuntary, we reverse and remand to superior court to allow Wing to withdraw her guilty plea, and we do not consider her remaining arguments.[1]

---

[1] At oral argument, appellate counsel requested that we consider whether the State breached the plea agreement before considering the offender score issue. However, because the erroneous offender score renders Wing's plea unlawful, and courts cannot specifically enforce unlawful agreements, we decline Wing's request.

No. 48623-7-II

## FACTS

In 2014, Wing and her husband began taking care of a three-year-old child, JHW,[2] with the consent of JHW's young mother. Within three months of living with the Wings, the child died from physical abuse inflicted upon him by the Wings.

On May 7, 2015, Wing pleaded guilty to first degree manslaughter–domestic violence, third degree assault–domestic violence, two counts of possession of a controlled substance, and two counts of witness tampering. After finding that Wing breached the proffer agreement, the superior court sentenced Wing to 416 months of confinement. Wing appeals.

## ANALYSIS

Wing argues that because her guilty plea was premised on an incorrect offender score and incorrect standard range sentence, her guilty plea was involuntary, and thus she should be permitted to withdraw it. Specifically, Wing argues that her offender score for the third degree assault charge was incorrectly calculated at 6, rather than 5. The State concedes that Wing's offender score was incorrect, but nonetheless argues that the erroneous offender score does not invalidate Wing's plea. We agree with Wing.

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *In re Pers. Restraint of Isadore,* 151 Wn.2d 294, 297, 88 P.3d 390 (2004). CrR 4.2(d) requires a plea be "made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." Prior to acceptance of a guilty plea, "[a] defendant 'must be informed of all the direct consequences of [her] plea.'" *State v. A.N.J.*, 168

---

[2] This court uses initials to protect the identity of minor victims.

2

Wn.2d 91, 113-14, 225 P.3d 956 (2010) (quoting *State v. Barton*, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980)). The length of a sentence is a direct consequence of a guilty plea. *State v. Mendoza,* 157 Wn.2d 582, 590, 141 P.3d 49 (2006).

A defendant may be allowed to withdraw his guilty plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice." *State v. Codiga*, 162 Wn.2d 912, 922-23, 175 P.3d 1082 (2008) (citing CrR 4.2(f)). "An involuntary plea can amount to manifest injustice." *Codiga*, 162 Wn.2d at 923. A miscalculation of an offender score renders the defendant's plea involuntary and the plea may be withdrawn. *Codiga*, 162 Wn.2d at 925.

The standard sentencing range under Washington's Sentencing Reform Act of 1981 (SRA) for any given offense is a function of the offense's seriousness level and the defendant's offender score. RCW 9.94A.525. The legislature assigns the seriousness level. Third degree assault of a child is a level III offense. RCW 9.94A.515.

The offender score is calculated by counting the prior and current felony convictions in accordance with RCW 9.94A.525. Current felony offenses are treated as if they were prior offenses when scoring the other crimes being sentenced. RCW 9.94A.525(1), RCW 9.94A.589(1)(a). Wing does not dispute her criminal history. With Wing's history of four prior felony convictions, plus one current felony conviction (first degree manslaughter), her offender score is 5. RCW 9.94A.525(7). Because third degree assault of a child is a level III offense, Wing's standard range sentence is 17-22 months. RCW 9.94A.515; RCW 9.94A.510. However, Wing's offender score was improperly calculated at a 6, and her corresponding standard sentence range was improperly calculated at 22-29 months.

Because Wing's guilty plea was premised on an incorrect offender score and standard sentence range, her plea was involuntary. When a guilty plea is based on misinformation, including a miscalculated offender score that resulted in an incorrect higher standard range, the defendant may move to withdraw the plea based on involuntariness. *Mendoza*, 157 Wn.2d at 591.

The State argues that because the miscalculated offender score on the third degree assault of a child conviction did not determine Wing's ultimate sentence, there is no manifest injustice to correct and we should affirm the guilty plea. We disagree.

A plea agreement must be treated as indivisible "'when pleas to multiple counts or charges were made at the same time, described in one document, and accepted in a single proceeding.'" *State v. Bisson,* 156 Wn.2d 507, 519, 130 P.3d 820 (2006) (emphasis omitted) (quoting *State v. Turley,* 149 Wn.2d 395, 400, 69 P.3d 338 (2003)). Thus, if there is error on one count of an indivisible multicount agreement, the entire plea agreement must be set aside upon request. *Turley,* 149 Wn.2d at 400. Here, Wing's pleas to both charges were made at the same time, in one document, and accepted in a single proceeding. Consequently, the plea agreement is indivisible.

Nonetheless, the State, while acknowledging that no legal authority supports its position, argues that Wing understood the sentence she was facing and that the incorrect offender score on the third degree assault of a child conviction had no impact. The State emphasizes that the two convictions were to run concurrently, and the standard range for the third degree assault charge, as the lesser count, had no bearing on Wing's decision to plead guilty. However, Washington courts have explicitly "decline[d] to adopt an analysis" that would make the determination of the

4

No. 48623-7-II

voluntariness of a defendant's plea dependent upon "the defendant's subjective decision to plead guilty." *Isadore*, 151 Wn.2d at 302. "A reviewing court cannot determine with certainty how a defendant arrived at [her] personal decision to plead guilty, nor discern what weight a defendant gave to each factor relating to the decision." *In re Pers. Restraint of Bradley*, 165 Wn.2d 934, 940-41, 205 P.3d 123 (2009).

Consequently, because the improperly calculated offender score for Wing's third degree assault of a child conviction rendered her indivisible plea involuntary, we reverse and remand to allow Wing to withdraw her guilty plea.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Johanson, J.

Bjorgen, C.J.