IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON, ) No. 80924-5-I
 )
   Respondent, ) DIVISION ONE
 )
  v. )
 )
JACOBY, CORY RAY, ) UNPUBLISHED OPINION
DOB:  08/09/1975, )
 )
   Appellant. )

BOWMAN, J. — Cory Ray Jacoby pleaded guilty to one count of first degree domestic violence (DV) assault and two counts of DV felony violation of a no-contact order (FVNCO).  Jacoby argues and the State concedes that the charging document is defective as to one count of FVNCO.  Jacoby contends that the defective charging document renders his plea agreement involuntary.  He also claims the agreement amounts to an indivisible contract encompassing all three counts so he has a right to withdraw his pleas of guilty to all three crimes.  We agree and remand to the trial court for Jacoby to withdraw his guilty pleas.

FACTS

Jacoby viciously beat his ex-girlfriend with a baseball bat and a hammer.  During the hours' long attack, he also sexually assaulted her.  Jacoby's ex-girlfriend required over 140 surgical staples to repair injuries to her head and surgically implanted pins to repair her " 'shattered' " hands.  She also developed "general loss of vision" in her left eye.  At the time of the attack, a no-contact

order issued under a previous DV conviction restrained Jacoby from contacting his ex-girlfriend.

The State charged Jacoby with one count of first degree DV assault and one count of DV FVNCO. While in jail awaiting trial, Jacoby tried to call his ex-girlfriend more than 20 times. The jail recorded the calls and forwarded them to the prosecutor. During plea negotiations, the State told Jacoby it would add several counts of FVNCO for the phone calls if the case proceeded to trial. Ultimately, the parties agreed that Jacoby would plead guilty as charged to the original two counts as well as one new count of DV FVNCO. Jacoby could ask the court to impose an exceptional downward sentence and the State would refrain from amending the first degree DV assault charge to attempted murder, adding a deadly weapon enhancement, adding aggravated sentence allegations, or adding more FVNCO counts.

The State amended its original information to include the new DV FVNCO as count three. It alleged that Jacoby,

> with knowledge that he/she was the subject of a protection order, restraining order, or no contact order . . . issued by Snohomish County District Court, Everett Division, . . . protecting [his ex-girlfriend], and said order being valid and in effect, did violate the order issued . . . and the defendant had at least two prior convictions for violating the provisions of an order . . . , a felony; and the victim was a family or household member.

Jacoby pleaded guilty to all three counts. Before sentencing, Jacoby moved to withdraw his plea agreement under CrR 4.2(f), claiming his attorney misled him into pleading guilty by incorrectly calculating his offender score. The trial court denied his motion. At sentencing, the trial court rejected Jacoby's

2

request for a downward departure and sentenced him to a standard-range sentence of 276 months on the assault charge and concurrent 60-month sentences on each of the other two counts.

## ANALYSIS

Jacoby appeals the trial court's order denying his motion to withdraw his guilty pleas and, for the first time on appeal, challenges the sufficiency of the charging document. Jacoby claims count three of the amended information did not include the essential element of FVNCO that he "willfully" violated the no-contact order. See RCW 10.99.050(2)(a). In its response brief, the State concedes the information was defective as to count three and argues we should simply dismiss that count without prejudice. Jacoby supplemented his assignments of error to argue that his plea agreement is an indivisible contract permitting him to withdraw his pleas to all three counts.[1]

Deficient Information

Jacoby contends that we must reverse his conviction for DV FVNCO as charged in count three because the amended information omitted an essential element of the offense. The State concedes the error. We accept the State's concession.

A charging document must inform a defendant of all essential statutory elements of the crime. WASH. CONST. art. I, § 22 (amend. 10); City of Auburn v. Brooke, 119 Wn.2d 623, 627-28, 836 P.2d 212 (1992). " 'An essential element is one whose specification is necessary to establish the very illegality of the

---

[1] The State did not oppose Jacoby's motion to supplement by adding this assignment of error. The State did not file a supplemental response brief.

behavior charged.' " State v. Zillyette, 178 Wn.2d 153, 158, 307 P.3d 712 (2013)[2] (quoting State v. Ward, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)).

RCW 10.99.050(2)(a)[3] provides that "[w]illful violation of a court order issued . . . is punishable under [(former)] RCW 26.50.110 [(2017)]." "Willfulness requires a purposeful act." State v. Washington, 135 Wn. App. 42, 49, 143 P.3d 606 (2006). A person does not willfully violate a no-contact order if they accidentally or inadvertently contact the protected party, even if they know they are the subject of a valid no-contact order. State v. Sisemore, 114 Wn. App. 75, 77-78, 55 P.3d 1178 (2002). Here, the charging information for count three stated only that Jacoby "did violate the order issued." The information did not notify Jacoby that willfulness is an element of FVNCO.

Withdrawal of Guilty Pleas

Jacoby contends the deficient information renders his plea as to count three involuntary, permitting him to withdraw his pleas to all counts as an indivisibly linked "package deal." We agree.

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. State v. Mendoza, 157 Wn 2d 582, 587, 141 P.3d 49 (2006).[4] Under CrR 4.2(d), a trial court cannot accept a guilty plea unless it determines the defendant has entered it voluntarily and with an understanding of the nature of the charge and consequences of the plea. State v. Loos, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020). A defendant may withdraw a guilty plea under CrR

---

[2] Internal quotation marks omitted.

[3] Emphasis added.

[4] A defendant may challenge the voluntariness of a plea agreement for the first time on appeal. State v. Walsh, 143 Wn.2d 1, 6, 17 P.3d 591 (2001).

4.2(f) to correct a "manifest injustice." An involuntary plea is a manifest injustice. State v. Taylor, 83 Wn.2d 594, 597, 521 P.2d 699 (1974). And a guilty plea "cannot be voluntary in the sense that it constitutes an intelligent admission unless the defendant is apprised of the nature of the charge, 'the first and most universally recognized requirement of due process.' " In re Pers. Restraint Petition of Keene, 95 Wn.2d 203, 207, 622 P.2d 360 (1980)[5] (quoting Henderson v. Morgan, 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976)); see also State v. DeRosia, 124 Wn. App. 138, 149, 100 P.3d 331 (2004). Because count three failed to notify Jacoby of the essential elements of FVNCO, his plea of guilty to that charge was involuntary.

A plea agreement is essentially a contract between a criminal defendant and the State. State v. Turley, 149 Wn.2d 395, 400, 69 P.3d 338 (2003) (citing State v. Hardesty, 129 Wn.2d 303, 318, 915 P.2d 1080 (1996)). Because a plea agreement is a contract, we review issues requiring interpretation of a plea agreement de novo. State v. Bisson, 156 Wn.2d 507, 517, 130 P.3d 820 (2006). We determine whether a contract is separable or indivisible by looking at objective manifestations that show the parties' intent. Turley, 149 Wn.2d at 400. A court must treat a plea agreement as indivisible when pleas to multiple counts or charges were (1) made at the same time, (2) described in one document, and (3) accepted in a single proceeding. Turley, 149 Wn.2d at 400. Without objective indications to the contrary in the agreement itself, we will not look behind the agreement to attempt to determine divisibility. Turley, 149 Wn.3d at 400. Our

---

[5] Internal quotation marks omitted.

Supreme Court has construed <u>Turley</u> as creating a "bright-line rule" mandating withdrawal of indivisible plea agreements even where a claimed deficiency applies to only one count. <u>See</u> <u>Bisson</u>, 156 Wn.2d at 519.

Here, the State charged Jacoby with all three counts under the same amended information. The third count did not inform Jacoby of an essential element of the crime. A single plea agreement incorporated the entire amended information. Jacoby pleaded guilty to each count at the same time and the court accepted his pleas in a single proceeding. As in <u>Turley</u>, these objective manifestations show the parties intended to create an indivisible contract. The State points to no objective indications to the contrary in the agreement itself. We conclude that Jacoby's plea agreement is an indivisible contract and he may withdraw his pleas to all three counts.

We remand to the trial court to allow Jacoby to withdraw his pleas of guilty to one count of DV first degree assault and two counts of DV FVNCO.[6]

WE CONCUR:

---

[6] Because we conclude that Jacoby's plea agreement was involuntary and he may withdraw his pleas to all counts, we need not reach his remaining assignments of error, including those he raises in a statement of additional grounds for review.

6