[Nos. 40899-6-II; 41082-6-II.   Division Two.   August 5, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. JAMES JOHN CHAMBERS, JR., *Respondent*.

THE STATE OF WASHINGTON, *Respondent*, v. JAMES JOHN CHAMBERS, JR., *Appellant*.

*Mark E. Lindquist, Prosecuting Attorney*, and *Stephen D. Trinen, Deputy*, for the State of Washington.

*Stephen G. Johnson*, for defendant Chambers.

¶1 WORSWICK, J. — The State appeals an order allowing James Chambers to withdraw a guilty plea for some, but not all, of his convictions. The trial court ruled that because Chambers's guilty pleas were not part of an indivisible agreement, he could withdraw his pleas for four of the nine counts. James Chambers appeals from the trial court's denial of his CrR 7.8 motion to vacate his judgment and sentence stemming from one of the remaining plea agreements, arguing that the judgment and sentence imposed an

illegal sentence outside of the standard range in violation of its terms.[1] Holding that Chambers's pleas were part of one indivisible plea agreement, we reverse and remand for further proceedings.

## FACTS

¶2 In two cases pertinent to this appeal, the State charged Chambers with nine crimes. The first information listing four crimes was filed on February 24, 1999; the second information listing an additional five crimes was filed on November 22, 1999. Chambers pleaded guilty to the charges in the first information on July 7, 1999, and was sentenced on March 17, 2000. He pleaded guilty to the charges in the second information on March 17, 2000, and was sentenced on those crimes on May 5, 2000.

¶3 With regard to the first four crimes, the State charged Chambers with one count of unlawful possession of a controlled substance, one count of unlawful manufacturing of a controlled substance, both with firearm enhancements, and two counts of first degree unlawful possession of a firearm. These charges were all filed under cause number 99-1-00817-2.[2] Chambers pleaded guilty to these February crimes on July 7.[3] The statement of defendant on plea of guilty did not include the State's sentencing recommendation. Rather, it stated that the State's recommendation was "open." Clerk's Papers (CP) (Nov. 9, 2010) at 155. The trial court scheduled sentencing for a later date and released Chambers.

---

[1] Originally these cases were to be considered separately, but upon further consideration we find that consolidation would save time and expense and provide for a fair review of these cases. Thus, we exercise our discretion under RAP 3.3(b) to consolidate them.

[2] For purposes of clarity, we refer to these crimes as the "February crimes" henceforth.

[3] Around this time, Chambers also pleaded guilty to other criminal charges under cause number 99-1-02235-3, from which he never appealed. The trial court sentenced Chambers on these convictions at the same time as it sentenced him on convictions under cause number 99-1-00817-2.

¶4 While released, Chambers committed additional crimes in November 1999, including striking and killing a pedestrian with a stolen car that he was driving. On November 22, the State charged him with one count of failure to remain at an injury accident, two counts of first degree possession of stolen property, one count of unlawful possession of a firearm, and one count of unlawful manufacturing of a controlled substance, methamphetamine.[4] These newest charges were filed under cause number 99-1-05307-1.[5]

¶5 The State extended a plea agreement offer that encompassed recommendations for both the February crimes and the November crimes, and on February 9, 2000, a Pierce County deputy prosecutor sent Chambers's attorney a letter "in order to memorialize" the offer. CP (Aug. 10, 2010) at 44. The letter stated in relevant part:

Re: State of Washington vs. James John Chambers, Jr.

Pierce County Superior Court Cause No. 99-1-05307-1

. . . .

I am writing you this letter in order to memorialize my offer to your client in the above entitled case. With this letter I am enclosing copies of the first several pages of the pleas of guilty on cause numbers 99-1-02235-3 and 99-1-00817-2. *My offer to your client consists of two parts*. First as to the 02235-3 and 00817-2 matters, your client must agree that the sentences in those matters run consecutive to the 05307-1 matter. . . . All of those counts would run concurrent to one another but consecutive to the matters involving the hit and run injury accident (99-1-05307-1). Your client would be free to ask for the 149 months, which is the low end of the standard range on count 1.

The second part of the offer is that the defendant has to plead guilty to all presently charged counts on 99-1-05307-1. His score for purposes of the SRA [Sentencing Reform Act of

---

[4] For purposes of clarity, we refer to these crimes as the "November crimes" henceforth.

[5] A third case, cause number 99-1-02235-3, also was included in the State's overall sentencing proposal, but no appeal stems therefrom.

1981, ch. 9.94A RCW,] would be ten (10) for the non-manufacturing/intent to deliver crimes (PSP1 x 2, Hit and Run felony, Unlawful Poss F/A 1). For the manufacturing of methamphetamine charge, your client would be a sixteen (16). As you are aware, RCW 69.50.408 sets forth the statutory maximum for a crime involving manufacture or possession with intent to deliver. This statutory maximum is ten (10) years. As you are also aware, RCW 69.50.408 allows for the doubling of any standard range for a subsequent conviction for manufacturing or possession with intent to deliver. At the time of your client's manufacturing offense as charged in 99-1-05307-1, your client had two prior manufacturing convictions and one prior possession with intent to deliver conviction. RCW 9.94A.030(10) defines conviction to include a plea of guilty so the 02235-3 and 00817-2 matters count as priors for the 99-1-05307-1 matter.

Your client would have to agree to 240 months on the manufacturing on the 99-1-05307-1 matter. . . . This would run consecutive to the 02235-3 and 00817-2 matters.

If your client rejects this offer the state will amend to include the charges of felony murder and the state will a [sic] add gun enhancement on the manufacturing charge. I have given your client until March 17th, 2000 to accept this offer, however, unless I receive by February 17, 2000, a written waiver regarding late arraignment, I will proceed with the arraignment. Once I arraign your client on the felony murder there is no going back.

CP (Aug. 10, 2010) at 44-45 (emphasis added).

¶6 On March 17, 2000, Chambers pleaded guilty to the November crimes. Also on March 17, the trial court entered its judgment and sentence on the four counts on the February crimes.[6] Then at a May 5 sentencing hearing for the November crimes, the trial court and the State engaged in the following relevant exchange:

[STATE]: Your Honor, the State's recommendation on Count I is 60 months to run concurrent with the other counts; Count

---

[6] The State's recommendation comported with the terms of its February 9, 2000 plea offer letter.

II is 57 months; Count III is 57 months; Count IV is 116 months; Count V is 240 months. All of these counts are to be served concurrently, however, consecutive to 99-1-00817-2 and 99-1-02235-3. He was sentenced in those matters on the 17th of March, and those matters are running concurrent to one another but consecutive to the matter we're here on today. . . . Count V also requires a $3,000 fine because he's been convicted of manufacturing several times in the past, and that is what makes Count V also the 240 months.

. . . .

THE COURT: . . . [I]t's my understanding that that's the highest standard range sentence available for each count.

[STATE]: That's correct, Your Honor, because the law says it's double the standard range for Count V, which is 240 months. All the other ones essentially make no difference, so—

. . . .

THE COURT: . . . Mr. Chambers' life was just totally out of control when this happened, completely, in every way. And because of that, there's really no sentence that's fair other than the high end of the range on each of the counts, as is being suggested. I'm going to impose the agreed-on sentence and the other financial conditions and otherwise that the State's requesting.

Verbatim Report of Proceedings at 4-6, 17-18; CP (Ex. 2). Then the trial court sentenced Chambers for the November crimes and imposed its sentence as proposed by the State.

¶7 Chambers then filed several appeals and personal restraint petitions surrounding his sentence, claiming that the sentences for counts III and IV of the February crimes were unlawful. The matter ultimately went to our Supreme Court, which remanded for further proceedings to consider Chamber's motion to withdraw his guilty plea. *In re Pers. Restraint of Chambers*, 171 Wn.2d 1035, 217 P.3d 1159 (2009).

¶8 Following remand by our Supreme Court, Chambers filed a motion to vacate the judgment, a motion to withdraw his guilty plea, and a motion for specific performance as to

the four February crimes. The State argued that even though there were three separate cause numbers, the sentencing for each stemmed from only one indivisible plea agreement and that Chambers must withdraw his pleas on the February and November crimes, not just the February crimes. On May 28, 2010, the trial court disagreed with the State and found the plea agreements to be separate and entered an order granting Chambers's motion to withdraw his pleas on counts I to IV of the February crimes only.

¶9 Because the State had destroyed the evidence to support the February crimes, the trial court dismissed the case on the State's motion. Then on July 2, 2010, Chambers moved for relief from the judgment and sentence under CrR 7.8,[7] arguing error in the sentencing range for his sentence as to the November crimes. The trial court denied Chambers's motion. The State appeals from the trial court's order granting Chambers's motion to withdraw his guilty plea and Chambers appeals from the trial court's denial of his motion for relief from judgment.

## ANALYSIS

¶10 The State contends that the trial court erred when it failed to find that the pleas and sentences on all three cause

---

[7] CrR 7.8(b) provides:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.5;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void; or

(5) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.

numbers were part of a single agreement.[8] Chambers counters that because he entered into plea agreements at separate times on separate days, the trial court properly treated the agreements as divisible. We agree with the State.[9]

¶11 A plea agreement is essentially a contract made between a defendant and the State. *State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003). As a result, issues regarding the interpretation of a plea agreement are questions of law we review de novo. *State v. Bisson*, 156 Wn.2d 507, 517, 130 P.3d 820 (2006). "Under normal contract principles, whether a contract is considered separable or indivisible is dependent upon the intent of the parties." *Turley*, 149 Wn.2d at 400. When we determine intent, we do not consider unexpressed subjective intent, only objective manifestations of intent. *Turley*, 149 Wn.2d at 400. "Absent objective indications to the contrary in the agreement itself, we will not look behind the agreement to attempt to determine divisibility." *Turley*, 149 Wn.2d at 400.

¶12 If the plea agreement is "indivisible," Chambers would then be required to withdraw his entire guilty plea on all of the cause numbers assuming he still seeks to withdraw it. This would then free the State to amend the charges against Chambers, as described in the letter dated

---

[8] The State also argues as a threshold matter that an evidentiary hearing and factual findings as to the scope of the plea agreement were necessary as a preliminary step to the determination of any remedies to which the defendant was entitled. But here, the record is sufficient for us to conclude that the agreement was meant to be indivisible without inquiry into the substance of the plea negotiations. Thus, an evidentiary hearing was not necessary here. *See State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003).

[9] Because we reverse and remand on this issue, we do not reach Chambers's appeal that the trial court erred by denying him relief from an illegal and unlawful sentence, an issue which is now moot in light of our holding that the guilty pleas were part of a single agreement. We also decline to reach the State's additional argument that the trial court erred when it allowed Chambers to withdraw his guilty plea because the trial court did not properly consider whether the State demonstrated compelling reasons to deny Chambers's plea agreement, noting that our Supreme Court in *State v. Barber*, 170 Wn.2d 854, 248 P.3d 494 (2011), recently held that a defendant may not seek specific performance of an illegal sentence.

February 9, 2000. There are several facts that lead us to hold, contrary to the trial court, that the plea agreement here was "indivisible." The letter from the deputy prosecutor to Chambers's counsel details the interconnectedness of the agreement. All of the cause numbers and the sentences for each are mentioned. Additionally, the agreed sentencing range for the November crimes is discussed in the context and with clear consideration of the sentencing ranges on the other cause numbers. And most notably, the letter explicitly states that Chambers's failure to accept the terms would result in filing of charges of felony murder. The parties then represented to the trial court at sentencing that it had agreed to these terms. It is clear that the parties intended to enter into one "indivisible" plea agreement. The State's argument prevails.

¶13 We reverse the trial court's order allowing Chambers to withdraw only counts I to IV and remand for further proceedings, in which Chambers may seek to withdraw his indivisible guilty plea on all nine counts under cause numbers 99-1-00817-2 and 99-1-05307-1.

PENOYAR, C.J., and HUNT, J., concur.