FILED
COURT OF APPEALS
DIVISION II

2015 APR 14 AM 9: 51

STATE OF WASHINGTON
BY
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45392-4-II |
| Respondent, | Consolidated with Nos. 45399-1-II; 45402-5-II |
| v. | |
| JAMES JOHN CHAMBERS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — James John Chambers moved under CrR 7.8 to withdraw his 1999 guilty pleas to several charges that were included in an indivisible plea agreement under three different cause numbers, which motion the trial court denied. Chambers appeals, asserting that because his pleas are facially invalid, the trial court erred by denying his motion. In a statement of additional grounds for review (SAG), Chambers argues that the trial court failed to comply with remand instructions when denying his CrR 7.8 motion to withdraw his guilty pleas. We affirm.

## FACTS

In 1999, Chambers entered into an indivisible plea agreement under three different Pierce County Superior Court cause numbers. *State v. Chambers*, 176 Wn.2d 573, 577-78, 583, 293 P.3d 1185 (2013). In cause number 99-1-00817-2, Chambers pleaded guilty to unlawful possession of a controlled substance with intent to deliver, unlawful manufacturing of a controlled substance, and two counts of first degree unlawful possession of a firearm (February

crimes).[1] *Chambers*, 176 Wn.2d at 577-78. In cause number 99-1-02235-3, Chambers pleaded guilty to unlawful possession of a controlled substance (May crime). *Chambers*, 176 Wn.2d at 578. Finally, in cause number 99-1-05307-1, Chambers pleaded guilty to failure to remain at an injury accident, unlawful possession of a firearm, unlawful manufacture of a controlled substance, and two counts of first degree possession of stolen property (November crimes). *Chambers*, 176 Wn.2d at 578-79.

In 2008, Chambers filed a personal restraint petition with this court that challenged the validity of his sentence with respect to his February crimes. *Chambers*, 176 Wn.2d at 579; *In re Pers. Restraint of Chambers*, No. 38074-9-II, (Wash. Ct. App. Jan. 15, 2009). We granted Chambers's 2008 petition in part, holding that his judgment and sentence was invalid on its face as to his convictions for two counts of first degree unlawful possession of a firearm. Order Granting Petition in Part, *In re Chambers*, No. 38074-9-II. Our Supreme Court accepted discretionary review from our order granting Chambers's petition in part and ordered the trial court to consider withdrawing Chambers's guilty pleas as to all his February crimes. *In re Pers. Restraint of Chambers*, 171 Wn.2d 1035 (2009).

On remand, the trial court granted Chambers's motion to withdraw his guilty pleas to all his February crimes. *See State v. Chambers*, 163 Wn. App. 54, 60, 256 P.3d 1283 (2011), *aff'd*, 176 Wn.2d 573 (2013). Additionally, "[b]ecause the State had destroyed the evidence to support

---

[1] For clarity, and for consistency with prior decisions addressing Chambers's plea agreement, this opinion will hereafter refer to Chambers's convictions under cause number 99-1-00817-2 as "February crimes"; conviction under cause number 99-1-02235-3 as "May crime"; and convictions under cause number 99-1-05307-1 as "November crimes."

the February crimes, the trial court dismissed the case on the State's motion." *Chambers*, 163 Wn. App. at 60. The State appealed the trial court's order granting Chambers's motion to withdraw his guilty pleas to his February crimes, arguing that Chambers's guilty pleas to those crimes were part of an indivisible agreement to plead guilty to his May and November crimes. *Chambers*, 163 Wn. App. at 60-61. We agreed with the State, reversed the trial court's order granting Chambers's motion to withdraw his guilty pleas to the February crimes, and remanded "for further proceedings, in which Chambers may seek to withdraw his indivisible guilty plea on all nine counts." *Chambers*, 163 Wn. App. at 62. Our Supreme Court accepted review and affirmed our holding that the trial court had erred by granting Chambers's motion to withdraw his guilty pleas as to his February crimes, agreeing that those pleas were part of an indivisible plea agreement. *Chambers*, 176 Wn.2d at 580-83.

After our Supreme Court issued its opinion, Chambers moved under CrR 7.8 to withdraw his guilty pleas as to all of the charges contained in his indivisible plea agreement. The trial court denied Chambers's motion, concluding that Chambers's had failed to demonstrate a manifest injustice allowing him to withdraw his guilty pleas. Chambers appeals the trial court's order denying his motion to withdraw his guilty pleas.

## ANALYSIS

Chambers contends that the trial court erred by denying his CrR 7.8 motion to withdraw his guilty pleas to his February, May, and November crimes due to the facial invalidity of his judgment and sentence with respect to his February crimes of first degree unlawful possession of a firearm. We disagree and affirm the trial court's order denying Chambers's motion to withdraw his guilty pleas.

We review a trial court's decision to grant or deny a motion to withdraw a guilty plea for an abuse of discretion. *State v. Forest*, 125 Wn. App. 702, 706, 105 P.3d 1045 (2005). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A defendant is permitted to withdraw a guilty plea under CrR 4.2(f) "whenever it appears that the withdrawal is necessary to correct a manifest injustice." CrR 7.8 governs postjudgment motions to withdraw a guilty plea and provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (4) The judgment is void; or
> (5) Any other reason justifying relief from the operation of the judgment.

A defendant seeking to withdraw his or her guilty plea in a postjudgment must meet the requirements for a plea withdrawal under both CrR 4.2(f) and CrR 7.8. *State v. Lamb*, 175 Wn.2d 121, 128, 285 P.3d 27 (2012). In other words, to succeed on a postjudgment motion to withdraw a guilty plea, the defendant must demonstrate *both* (1) that withdrawal of the plea is necessary to correct a manifest injustice, *and* (2) that relief from the final judgment is justified by one of the reasons enumerated in CrR 7.8(b).

I. MANIFEST INJUSTICE

A manifest injustice allowing a defendant to withdraw a guilty plea is "an injustice that is obvious, directly observable, overt, [and] not obscure." *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1966)). A defendant carries a heavy burden in demonstrating a manifest injustice permitting the withdrawal

of a guilty plea, which "burden is justified by the greater safeguards protecting a defendant at the time [the defendant] enters [his or] her guilty plea." *State v. Wilson*, 162 Wn. App. 409, 414, 253 P.3d 1143 (2011). One of the ways in which a defendant may meet the burden of demonstrating a manifest injustice is by showing that the plea was not voluntary. *State v. Wakefield*, 130 Wn.2d 464, 472, 925 P.2d 183 (1996). A guilty plea is not voluntary if the defendant was misinformed about the direct sentencing consequences of pleading guilty. *State v. A.N.J.*, 168 Wn.2d 91, 113-14, 225 P.3d 956 (2010).

Chambers asserts that he met the requirement of showing a manifest injustice because (1) his guilty plea convictions for first degree unlawful possession of a firearm required him to serve "nearly double the amount of time in custody than he would have received had he been properly charged and sentenced," and (2) he was misinformed about the direct sentencing consequences of his guilty pleas. Br. of Appellant at 10. On both points we disagree.

First, the record belies Chambers's assertion that his first degree unlawful possession of a firearm convictions required him to serve more time in confinement than if he had been properly charged and sentenced for second degree unlawful possession of a firearm. Although Chambers is correct that the trial court sentenced him to 116 months for each of his first degree unlawful possession of a firearm convictions and that the statutory maximum sentence for second degree unlawful possession of a firearm was 60 months, Chambers was ordered to serve his 116 month sentences for first degree unlawful possession of a firearm concurrent with each other *and concurrent with* his 149 month sentence for unlawful possession of a controlled substance with intent to deliver conviction and his 144 month sentence for unlawful manufacturing of a controlled substance. Former RCW 9.41.040(2)(b) (1997); former RCW

9A.20.021(1)(c) (1982). Accordingly, in light of Chambers's concurrent sentences for his February crimes, the trial court's imposition of 116 month sentences for each of Chambers's first degree unlawful possession of a firearm convictions did not require him to serve any more time in confinement than if the trial court had sentenced him to the statutory maximum of 60 months for second degree unlawful possession of a firearm.[2]

Second, we disagree with Chambers's assertion that he was misinformed about the direct sentencing consequences of his guilty pleas. Chambers's statement on plea of guilty clearly shows that he was aware that the statutory maximum penalty for first degree unlawful possession of a firearm, the crimes to which he had pleaded guilty, was ten years of confinement. Former RCW 9.41.040(2)(a); former RCW 9A.20.021(1)(b). Properly construed, Chambers's challenge to the voluntariness of his guilty pleas to first degree unlawful possession of a firearm was not that he had been misadvised about the sentencing consequences of those crimes but, rather, that those charges lacked a factual basis with which to support his guilty pleas. But Chambers did not move to withdraw his guilty plea on this ground, and he does not argue it on appeal. Because Chambers's guilty plea convictions for first degree unlawful possession of a firearm did not require him to serve any more time than if he had been convicted of second degree unlawful possession of a firearm, and because he was properly informed of the direct sentencing consequences of pleading guilty to first degree unlawful possession of a firearm, the trial court

---

[2] Chambers does not contend, and the record does not appear to support, that his offender score would have differed had he been charged and sentenced for second degree unlawful possession of a firearm. Former RCW 9.94A.360 (1998).

6

did not abuse its discretion by concluding that he failed to show a manifest injustice warranting the withdrawal of his guilty pleas.

## II. Unjust Remedy

Even assuming that Chambers had met his burden of demonstrating a manifest injustice with regard to his first degree unlawful possession of a firearm convictions and sentences, the trial court nonetheless did not abuse its discretion by denying his motion to withdraw his guilty pleas to all the charges in his indivisible plea agreement because withdrawal of Chamber's guilty pleas under these circumstances would be unjust to the State.

When a defendant demonstrates a manifest injustice with respect to some of the charges included in an indivisible plea agreement, the defendant has the initial choice of remedy between withdrawal of the entire plea agreement and specific performance. *State v. Turley*, 149 Wn.2d 395, 400-401, 69 P.3d 338 (2003); *but see State v. Barber*, 170 Wn.2d 854, 873-74, 248 P.3d 494 (2011) (excluding remedy of specific performance where the parties agreed to an illegal sentence based upon a mutual mistake). However, a trial court is not bound by the defendant's choice of remedy. *Turley*, 149 Wn.2d at 401. Rather, "[o]nce the defendant has opted for one of the available remedies, the State 'bears the burden of demonstrating that the defendant's choice of remedy is unjust.'" *Turley*, 149 Wn.2d at 401 (quoting *State v. Miller*, 110 Wn.2d 528, 536, 756 P.2d 122 (1988), *overruled on other grounds by Barber*, 170 Wn.2d 854). This burden requires the State to show that "compelling reasons exist not to allow the defendant's choice" of remedy. *Turley*, 149 Wn.2d at 401. And the State may base this showing on any or all of the charges included in the indivisible plea agreement. *Turley*, 149 Wn.2d at 401. "The trial court then

determines whether those reasons are compelling and [whether] the defendant's choice of withdrawal or specific performance is unjust." *Turley*, 149 Wn.2d at 401.

Here, the State presented compelling reasons why withdrawal of Chambers's guilty pleas would be unjust. First, the State asserted that withdrawal of the indivisible plea agreement would be unjust because the evidence that could be used to prosecute Chambers for his February crimes had been destroyed. Under *Miller*, this reason alone was sufficient for the trial court to deny Chambers's motion to withdraw his guilty pleas. 110 Wn.2d at 535 ("plea withdrawal may be unfair if the prosecutor has detrimentally relied on the bargain and has lost essential witnesses or evidence") (citing *United States v. Jerry*, 487 F.2d 600 (3d Cir. 1973); *Farnsworth v. Sanford*, 115 F.2d 375 (5th Cir. 1940)). Additionally, the State asserted that withdrawal of Chambers's guilty pleas would be unjust because the State had relied on the agreement in deciding not to prosecute him for murder in regard to his November crimes and it would be difficult to now prosecute him for an alleged murder that took place in 1999. This is also a compelling reason to deny Chambers's motion to withdraw his guilty pleas. Because the State presented compelling reasons why withdrawal of Chambers's guilty pleas would be unjust, the trial court did not abuse its discretion by denying Chambers's motion to withdraw his guilty pleas.

### III. SAG

In his SAG, Chambers argues that the trial court erred by denying his motion to withdraw his guilty pleas because our prior decision in *Chambers*, 163 Wn. App. 54, and our Supreme Court's affirmance of that decision in *Chambers*, 176 Wn.2d 573, required the trial court to grant his withdrawal motion. But Chambers misreads our holding in that case. We did not direct the trial court to *grant* his motion to withdraw his pleas as he asserts in his SAG. Rather, we

reversed the trial court's order granting Chambers's motion to withdraw his guilty pleas to his February crimes and remanded for further proceedings, stating that on remand "Chambers *may seek* to withdraw his indivisible guilty plea" agreement with respect to all of his charges. *Chambers*, 163 Wn. App. at 62 (emphasis added). Similarly, in affirming our decision, our Supreme Court did not direct the trial court to grant Chamber's withdrawal motion. Accordingly, this argument lacks merit. We affirm the trial court's order denying Chambers's motion to withdraw his guilty pleas.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Melnick, J.

9